## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

JENNIFER CALVERT,

       Plaintiff,                                Case No. 10-02765
                                                   Senior United States
v.                                                District Judge Arthur J. Tarnow

AMERIGOLD LOGISTICS, LLC,         Magistrate Judge Diane K. Vescovo

       Defendant.
_____/

**ORDER PARTIALLY ADOPTING AND PARTIALLY REJECTING THE REPORT & RECOMMENDATION [44] SUSTAINING PLAINTIFF'S OBJECTION [45], AND PARTIALLY GRANTING AND PARTIALLY DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [30]**

### I.  STANDARD OF REVIEW

The standard of review set forth in Federal Rule of Civil Procedure 72(b) governs this dispositive matter.  Fed. R. Civ. P. 72(b).  Pursuant to that rule, "[t]he district judge in the case must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition. . . "  *Id.* at 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) (2006).

### II. Findings of Fact

The Court declines to adopt any findings of fact at this point, as genuine

disputes of material fact remain. For a discussion of the allegations involved in this case refer to the R&R and the remainder of the record.

### III. Conclusions of Law

**A. Reasonable Accommodation**

Plaintiff objects to the R&R's conclusion that she is not disabled under the Americans with Disabilities Act ("ADA"). Pl.'s Obj. at 4.  The R&R states that Plaintiff is not disabled under the ADA because although her condition inconveniences her, it does not substantially limit her performance of any major life activities.  R&R at 11. "Major life activities include, but are not limited to: (i) . . . sleeping . . . working; and (ii) The operation of a major bodily function, including functions of the . . . bladder." 29 CFR 1630.2(i)(1)(i)-(ii).  Plaintiff has provided evidence supporting her allegation that her condition affects her ability to sleep, work, and control her bladder.  "The term 'substantially limits' shall be construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA. 'Substantially limits' is not meant to be a demanding standard." 29 CFR 1630.2(j)(1)(I).  The Court is not convinced that it should grant summary judgment to Defendant on the issue of reasonable accommodation.

**B. Disparate Treatment**

Plaintiff did not object to the R&R's recommendation that summary judgment should be granted to Defendant on the issue of her claim for disability discrimination based on disparate treatment.  Nor did Plaintiff address the issue in her Response [31] in Opposition to Defendant's Motion for Summary Judgment. To establish a prima facie case of disability discrimination based on disparate treatment, a party must show: (1) that he is an individual with a disability; (2) that he is otherwise qualified to perform the job requirements with or without reasonable accommodation; (3) that he suffered an adverse employment action;(4) that his employer knew or had reason to know of his disability; and (5) that similarly situated non-disabled employees were treated more favorably. *Jones v. Potter*, 488 F.3d 397, 404 (6th Cir. 2007); *Tally v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1246 (6th Cir. 1995).  Plaintiff has not alleged that Defendant treated similarly situated non-disabled employees more favorably than her.

**C. Retaliation**

Plaintiff objects to the R&R's conclusion that she has not provided sufficient evidence to show a prima facie case of retaliation. Pl.'s Obj. at 8. Plaintiff claims that Defendant retaliated against her for filing a claim with the Tennessee Human Rights Commission ("THRC").  To establish a prima facie claim of retaliation, a plaintiff must show (1) that he engaged in protected activity;

3

(2) that the employer was aware of his protected activity; (3) that the employer subsequently took an adverse employment action against him; and (4) that there was a causal connection between the protected activity and the adverse employment action. *Mickey v. Zeidler Tool and Die Co.*, 516 F.3d 516, 523 (6th Cir. 2008). Defendant asserts that Plaintiff's THRC complaint was not causally related to her termination. In order to establish a casual connection a plaintiff "must produce sufficient evidence from which an inference could be drawn that the adverse action would not have been taken had the plaintiff not filed" a claim with the THRC. *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000). Evidence that the adverse action was taken shortly after the employee's exercise of protected rights is relevant to causation. *Id.* at 563. Plaintiff was terminated in the calendar month after she filed a Complaint with THRC. If the plaintiff establishes a prima facie case, the burden shifts to the employer to produce evidence of a legitimate, nondiscriminatory reason for its actions. *Niswander v. Cincinnati Ins. Co.*, 529 F.3d 714, 720 (6th Cir. 2008). Defendant asserts that Plaintiff was terminated because her restroom use took several more minutes than she was allotted per day and she refused to sign a Memorandum of Commitment. The Memorandum of Commitment stated that Plaintiff agreed that if she continued to work she would not exceed her allotted daily break time. Once the employer puts

4

forth a nondiscriminatory reason, the plaintiff bears the burden of proving pretext. To prove pretext, a plaintiff must show that a defendant's proffered nondiscriminatory reasons (1) had no basis in fact; (2) did not ultimately motivate its actions; or (3) were insufficient to motivate its actions. *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1083-84 (6th Cir. 1994).  Plaintiff states that she refused to sign the Memorandum because it was unreasonable and that Defendant knew she could not conform to the guidelines it stated.  The Court is not convinced that it should grant summary judgment to Defendant on the issue of retaliation.

### III. CONCLUSION

Based on the foregoing analysis, the Court hereby partially adopts and partially rejects the Report and Recommendation [44].  Accordingly,

IT IS ORDERED that Plaintiff's Objection [45] is SUSTAINED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment [30] is GRANTED as to Plaintiff's disparate treatment claim.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment [30] is DENIED as to the issues of reasonable accommodation and retaliation.

SO ORDERED

**Dated: September 21, 2012**               s/ Arthur J. Tarnow

                                                      ARTHUR J. TARNOW
                                                      SENIOR UNITED STATES
                                                      DISTRICT JUDGE